IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                    PLAINTIFF

V.                                                 3:10CV00169

SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a
REGIONAL MEDICAL CENTER                                                 DEFENDANT

### ORDER

Pending is the Motion to Dismiss of Shelby County Health Care Corporation d/b/a Regional Medical Center ("The Med").  The Plaintiff has responded.

The Med requests dismissal of this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), lack of personal jurisdiction pursuant to Rule 12 (b)(2), improper venue pursuant to Rule 12 (b)(3), and the doctrine of forum *non conveniens*.  For the reasons set forth below, the Motion is denied.

I.    Facts

On May 22, 2008, Scott Dawson was injured as a result of an automobile accident in Paragould, Arkansas.  Dawson was transported to The Med in Memphis, Tennessee for trauma services.  The cost of the medical services provided to Dawson at The Med was $95,762.75.  The Med filed a hospital lien for that amount with the Shelby County Circuit Court Clerk pursuant to Tennessee Code Annotated §§ 29-22-101, et seq.

Dawson's accident was found to be caused by an insured of Plaintiff State Farm.  Through a State Farm representative in Arkansas, State Farm settled the claim with Mr. Dawson for the insured's policy limit of $50,000. However, The Med had served notice of the hospital lien to a State Farm representative in Tennessee prior to the settlement listing Dawson as the

person liable for the charges.  On December 10, 2009, The Med filed an amended hospital lien in Tennessee naming the Defendant as a party potentially liable for the charges.

State Farm filed this action seeking a declaration that it is not liable for the Tennessee hospital lien because it was not given notice of the lien and because the lien was not filed in accordance with the Arkansas Medical, Nursing, Hospital, and Ambulance Service Lien Act, Arkansas Code Annotated §§ 18-46-101 through117.

II.     Rule 12(b)(1) Subject Matter Jurisdiction Standard

The Court must analyze this issue as provided under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Unlike analysis under Rule 12(b)(6), Rule 12(b)(1) allows the Court to consider matter outside of the pleadings.

> H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir. 1990)(quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

The parties to the action are diverse and the amount in controversy is sufficient to confer diversity jurisdiction in this Court.  However, The Med contends that there is no subject matter jurisdiction because there is no actual controversy to adjudicate.  There is a controversy in this case.  The Med has alleged that State Farm impaired its hospital lien by settling Dawson's claim without paying any money to The Med pursuant to the hospital lien.  The Med has demanded full payment from State Farm for $95,762.75 based upon the impairment of the lien.  This allegation

and demand for payment is sufficient to create an actual controversy and give State Farm the right to bring a declaratory judgment action to determine its liability. *See Clarendon Nat'l Ins. Co. v. United Fire & Cas. Co.,* 571 F.3d 749,752 (8th Cir. 2009). For these reasons, the Court has subject matter jurisdiction.

      III.     Lack of Personal Jurisdiction Pursuant to Rule 12 (b)(2)

The Med asserts that this Court does not have personal jurisdiction over it because The Med has no contacts with this forum, and an exercise of personal jurisdiction would be unjust. State Farm argues that as a regional healthcare resource located only none (9) miles from the Arkansas border The Med has purposefully availed itself of the privilege of conducting business in Arkansas.

> While the facts adduced in a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction. This is the same standard as the one we apply on motions for summary judgment under Rule 56.

*Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 310 (8th Cir. 1992). The Court must look at the facts relevant to the issue of jurisdiction in the light most favorable to the non-movant, give him the benefit of all reasonable inferences from these facts, and deny the motion to dismiss if the record, viewed in this way, raises any genuine issue of fact material to the issue of jurisdiction.

"To determine whether a court has personal jurisdiction over a nonresident defendant, we ask two questions: (1) whether the applicable state long-arm statute . . . is satisfied; and (2) whether a court's exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment." *Minn. Mining and Manuf. Co. v. Nippon Carbide,* 63 F.3d 694, 696-97 (8th Cir. 1995). The Eighth Circuit has recognized that the "Arkansas long-arm statute authorizes

jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process." *Burlington Ind., Inc. v. Maples Ind., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996).

Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Whether minimum contacts are sufficient depends on whether the defendant, by some act, purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. This test is met if a defendant has deliberately engaged in activities, such as having created continuing obligations, within a state, and such actions invoke the benefits and protection of a state's laws." *Minn. Mining & Manuf.*, 63 F.3d at 697 (internal citations omitted).

> Once it has been decided that a defendant purposefully established contacts with a forum state, these contacts must be considered in light of other factors to determine whether the assertion of personal jurisdiction would agree with fair play and substantial justice. There are three primary factors which are to be considered: (1) the nature and quality of the contacts, (2) the quantity of the contacts, and (3) the relation of the cause of action to the contacts. In addition to those considerations, there are two secondary factors as well: the interest of the forum state in the litigation and the convenience or inconvenience of the parties.

*Id.* The third factor relates to whether there is specific or general jurisdiction. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Burlington Ind. Inc.,* 97 F.3d at 1103.

The Court finds that The Med has purposefully availed itself of the privilege of

conducting business in Arkansas. The Med holds itself out as "accessible, efficient, quality healthcare for individuals throughout a 5-state region within 150 miles of Memphis." Ex. D. As stated, The Med is merely 9 miles from the Arkansas border. Therefore, Arkansas is included in the "5-state region." There is evidence that The Med treats 2,000 Arkansans every year. Id. The Med is a member of the Arkansas Hospital Association for the year 2010. Ex. E. A cursory review of court records indicates that The Med has been a plaintiff or defendant in at least four (4) other cases in this district.[1] While this fact is not determinative, it further bolsters State Farm's argument that the Eastern District of Arkansas is not a foreign or remote district to The Med. In summary, the nature, quality, and quantity of these contacts with Arkansas are sufficient to confer personal jurisdiction over The Med without offending the notions of fair play and substantial justice.

    IV.    <u>Improper Venue Pursuant to Rule 12 (b)(3)</u>

Federal Rule of Civil Procedure 12(b)(3) states that a case may be dismissed if venue is improper. The rules of venue are provided in 28 U.S.C. § 1391. "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State. . . ." 28 U.S.C. § 1391(a)(1). Subsection (c) of this statute states that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time an action commenced." 28 U.S.C. § 1391(c). As stated, the Court finds that The Med is subject to personal jurisdiction in this district. Therefore,

---

[1] Jusko v. Jackson, Case No. 3:07CV00021 JLH; Ramsey v. Shelby County Health Care Corporation of Shelby County, Case No. 3:02CV00305 JMM; Cavallaro v. City of Edmondson, Case No. 3:00CV00453 GH; Shelby County Health Care Corp. v. Galbraith, Case No. 3:99CV00313 SMR.

venue is proper pursuant to 28 U.S.C. § 1391.

V.     The Doctrine of Forum *non Conveniens*

The Court finds that the forum, the Eastern District of Arkansas Jonesboro Divison, is not inconvenient to The Med or its attorneys.  The application of Tennessee law to the issues in this case should not be too complex for the Court.

VI.    Conclusion

For these reasons, The Med's Motion to Dismiss (Docket # 5) is DENIED.

IT IS SO ORDERED this 27th day of December, 2010.

_____
James M. Moody
United States District Judge